UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN P. LEE,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 13-767 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND<br><br>[DOCKET NOS. 16, 19] |

## I. SUMMARY

On May 2, 2013, plaintiff Kevin P. Lee ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; May 8, 2013 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.     BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 23, 2010, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 28, 153, 158). Plaintiff asserted that he became disabled on January 1, 2007, due to chronic arthritis and Kohler disease. (AR 28, 201-02). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on January 31, 2012. (AR 48-95).

On March 9, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 28-34). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: obesity, chronic arthritis, degenerative joint disease, congenital clubfoot with recent status post right gastrocnemius lengthening and right foot triple arthrodesis with lateral column shortening with gastrocnemius contracture, and midfoot degenerative arthritis (AR 30); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 30); (3) plaintiff retained the residual functional capacity to perform light work[1] (20 C.F.R. §§ 404.1567(b),

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." See Social Security Ruling ("SSR") 83-10. Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990) (citations omitted). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007).

416.967(b)) with additional limitations[2] (AR 31); (4) plaintiff could perform his past relevant work as a recycler (AR 34); and (5) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 32).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

---

[2] The ALJ determined that plaintiff: (i) could lift and/or carry no more than 20 pounds occasionally and 10 pounds frequently; (ii) could stand and/or walk at least two hours in an eight-hour workday with normal breaks; (iii) could sit six hours in an eight-hour workday with normal breaks; (iv) could push and/or pull (including operation of hand/foot controls) without limitation other than as referenced for lifting and/or carrying; (v) could occasionally balance and climb ramps, stairs, ladders, ropes or scaffolds; (vi) could frequently stoop, kneel, crouch or crawl; (vii) had no manipulative limitations; (viii) was precluded from working around dangerous unguarded moving machinery, in close proximity to open flames; and (ix) generally needed to avoid concentrated exposure to hazards. (AR 31).

    (2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

    (3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

    (4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

    (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

    The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.**    **Standard of Review**

    Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

### IV. DISCUSSION

Plaintiff contends that the ALJ's determination at step four that plaintiff could perform his past relevant work is the product of legal error.  (Plaintiff's Motion at 2-7).  The Court agrees.  As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

#### A. Pertinent Law

At step four of the sequential evaluation process, the Administration may deny benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "generally" performed. Pinto v. Massanari, 249 F.3d 840, 845 (2001).  ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") in determining the physical and mental demands of a claimant's past work.  Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job information).  The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  The ALJ may also rely on testimony from a vocational expert.  See, e.g., Bailey v. Astrue, 2010 WL

3369152, *5 (C.D. Cal. Aug. 24, 2010) ("vocational expert's testimony constitutes substantial evidence to support [] ALJ's Step Four determination that plaintiff can perform his past relevant work") (citations omitted).

Although the claimant has the burden of proving an inability to perform his past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto, 249 F.3d at 844. To determine whether a claimant has the residual capacity to perform his past relevant work, the ALJ must ascertain the demands of the claimant's former work and then compare the demands with his present capacity. Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's residual functional capacity would permit a return to his past job or occupation. SSR 82-62.

**B.     Analysis**

Here, the Court cannot conclude that the ALJ's determination at step four is supported by substantial evidence and free of material error.

First, in the administrative decision, the ALJ stated that "[t]he vocational expert testified that the exertional and non-exertional demands of [plaintiff's] past work as a recycler were well within his current residual functional capacity." (AR 34). The record, however, does not support the ALJ's reliance on the vocational expert's testimony in this regard. The vocational expert did testify that plaintiff (or a hypothetical individual with plaintiff's characteristics) could perform his past relevant work as a recycler in the manner the position "was described to be performed" (*i.e.*, as "actually performed"). (AR 90). However, the vocational expert also testified "[i]t sounds like in this particular instance [the recycler position] was performed at [the] light [exertional level]." (AR 89). Work at the

light exertional level generally requires standing or walking, off and on, for up to six hours – see supra note 1 – a degree of exertion inconsistent with the ALJ's assessment that plaintiff could stand and/or walk only "at least two hours in an eight hour workday" (AR 31).

Second, the ALJ also stated "[i]n comparing [plaintiff's] residual functional capacity with the physical and mental demands of [the past relevant work as a recycler], the [ALJ] finds that [plaintiff] is able to perform it as actually performed."  (AR 34).  At step four, however, the ALJ was required to set forth a detailed explanation of the basis for each of her findings.  See Pinto, 249 F.3d at 847 ("[R]equiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review.") (citation and quotation marks omitted).  The ALJ's boilerplate step four findings were inadequate under this standard.  See id. ("When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review.") (citation and quotation marks omitted).

Finally, the Court cannot find the ALJ's error harmless.  At the hearing plaintiff testified that while working as a recycler he was able "to sit down a lot and put [his] feet up when [it] wasn't busy."  (AR 82).  The vocational expert testified that there would be no jobs available for an individual with plaintiff's characteristics if the individual needed to keep his feet elevated at waist level during the work day.  (AR 91-92).  Moreover, defendant points to no other persuasive evidence in the record which could support the ALJ's determination at step four that plaintiff was not disabled.  See, e.g., Pinto, 249 F.3d at 846 (remand warranted where ALJ found claimant not disabled at step four based "largely" on inadequate vocational expert testimony and ALJ otherwise "made very few findings").

///

1 Accordingly, remand is warranted to permit the ALJ to reevaluate whether plaintiff is able to perform any past relevant work and, if not, to proceed to step five of the sequential evaluation process.

### V. CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 26, 2013

/s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may wish to consider whether the record contains any permissible basis for discrediting plaintiff's subjective symptom testimony other than lack of supporting medical evidence. See Burch, 400 F.3d at 681 ("lack of medical evidence cannot form the sole basis for discounting pain testimony").

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).